# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ADAM GALAN, | No. 4:19-CV-00721 |
| Plaintiff, | (Judge Brann) |
| v. | |
| DR. ROGERS, | |
| Defendant. | |

## MEMORANDUM OPINION

### APRIL 2, 2020

Plaintiff Adam Galan, a state prisoner presently confined at the State Correctional Institution at Mahanoy in Frackville, Pennsylvania, filed an amended complaint pursuant to 42 U.S.C. § 1983 alleging an Eighth Amendment medical claim, arguing that Defendant Dr. Rogers was deliberately indifferent to his serious medical need by not providing him with diabetic shoes.[1]  Presently before the Court is Defendant's motion to dismiss, which is ripe for adjudication.[2]  For the reasons that follow, the Court will grant the motion to dismiss without prejudice.

## I. FACTUAL BACKGROUND

Plaintiff is a state prisoner who at all times relevant to the amended complaint was incarcerated at SCI Mahanoy.  Plaintiff suffers from diabetes and has medical

---

[1] ECF No. 28.
[2] ECF No. 32.

issues with his feet as a result of that condition.³ Plaintiff alleges that Dr. Rogers, the head doctor at SCI Mahanoy is aware of Plaintiff's conditions, including that he is a chronic care patient and "HBP."⁴ Plaintiff also alleges that Dr. Rogers refused his request for proper diabetic footwear several times.⁵ Plaintiff spent two years putting in sick call requests and verbally discussing his need for footwear with both Dr. Rogers and non-defendant Mr. Miller.⁶ Both allegedly refused to take care of the problem; as a result, Plaintiff developed ingrown toenails in both feet.⁷ His feet then started to become black and sore.⁸

At some point, Mr. Miller performed unspecified foot procedures on Plaintiff.⁹ Plaintiff requested to see an outside doctor, but his request was denied.¹⁰ Plaintiff had three foot procedures, and they caused damage to the nerves in his feet.¹¹ Plaintiff would get pricking, needle-like pain, soreness, and hot and cold feelings off and on in his feet.¹² Plaintiff again requested an appointment with an outside foot specialist, however his request was again denied.¹³ Plaintiff states that

---

3   ECF No. 28 at 2.
4   *Id.* The Court presumes that "HBP" stands for high blood pressure.
5   *Id.*
6   *Id.*
7   *Id.*
8   *Id.*
9   *Id.* at 3.
10  *Id.*
11  *Id.*
12  *Id.*
13  *Id.*

he continue to be denied proper care, and Defendant is not taking care of Plaintiff's foot problems, which demonstrates deliberate indifference.[14]

Plaintiff explains that he has evidence to prove his claim, including paperwork, sick call requests, and a daily log of his visits with the doctors and other medical staff.[15] His foot problems have grown worse, and he fears developing gangrene or needing an amputation.[16]

## II. STANDARD OF REVIEW

Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief; the complaint must provide the defendant with fair notice of the claim.[17] When considering a Rule 12(b)(6) motion to dismiss, the court must accept as true all factual allegations.[18] The issue in a motion to dismiss is whether the plaintiff should be entitled to offer evidence to support the claim, not whether the plaintiff will ultimately prevail.[19]

The onus is on the plaintiff to provide a well-drafted complaint that alleges factual support for its claims. "While a complaint attacked by a Rule 12(b)(6)

---

[14] *Id.*
[15] *Id.* at 4.
[16] *Id.*
[17] *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[18] *See Erickson v. Pardus*, 551 U.S. 89, 94 (per curiam).
[19] *See Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (the Rule 8 pleading standard "'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element."); *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996).

motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[20] The court need not accept unsupported inferences,[21] nor legal conclusions cast as factual allegations.[22] Legal conclusions without factual support are not entitled to the assumption of truth.[23]

Once the court winnows the conclusory allegations from those allegations supported by fact, which it accepts as true, the court must engage in a common sense review of the claim to determine whether it is plausible. This is a context-specific task, for which the court should be guided by its judicial experience. The court must dismiss the complaint if it fails to allege enough facts "to state a claim for relief that is plausible on its face."[24] A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged."[25] A complaint that shows that the pleader is

---

[20] *Twombly*, 550 U.S. at 555 (alteration in original and internal citations omitted).
[21] *Cal. Pub. Employees Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004).
[22] *Twombly*, 550 U.S. at 556.
[23] *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not" satisfy the requirements of Rule 8).
[24] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).
[25] *Iqbal*, 556 U.S. at 678.

entitled to relief—or put another way, facially plausible—will survive a Rule 12(b)(6) motion.[26]

## III. DISCUSSION

Plaintiff has brought his constitutional claim pursuant to 42 U.S.C. § 1983, which provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

"To establish a claim under 42 U.S.C. § 1983, [a plaintiff] must demonstrate a violation of a right secured by the Constitution and the laws of the United States [and] that the alleged deprivation was committed by a person acting under color of state law."[27] "The first step in evaluating a section 1983 claim is to 'identify the exact contours of the underlying right said to have been violated' and to determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'"[28]

The only constitutional claim alleged in the amended complaint is an Eighth Amendment medical claim. "In order to state a cognizable [medical] claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate

---

[26] *See* Fed. R. Civ. P. 8(a)(2); *Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010).
[27] *Moore v. Tartler*, 986 F.2d 682, 685 (3d Cir. 1993).
[28] *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000) (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n.5 (1998)).

5

indifference to serious medical needs. It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment."[29] "[T]o succeed under these principles, plaintiffs must demonstrate (1) that the defendants were deliberately indifferent to their medical needs and (2) that those needs were serious."[30]

This standard affords considerable latitude for medical professionals within a prison to diagnose and treat the medical problems of inmate patients.[31] Some of the more common situations in which "deliberate indifference" has been found include when the defendant knows of a prisoner's need for medical treatment but intentionally refuses to provide it, delays necessary medical treatment based on a non-medical reason, and prevents a prisoner from receiving needed or recommended medical treatment.[32]

Here, Plaintiff admits that he received treatment in the nature of three foot procedures, but that he additionally requested diabetic footwear. Although it is understandable that Plaintiff may prefer a certain course of treatment, such a disagreement with a medical provider does not rise to the level of a constitutional violation. As the United States Court of Appeals for the Third Circuit has held,

---

[29] *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).
[30] *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).
[31] *Inmates of Allegheny County Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979); *Little v. Lycoming County*, 912 F. Supp. 809, 815 (M.D. Pa. 1996).
[32] *Id.*

"mere disagreement as to the proper medical treatment" does not create an Eighth Amendment medical claim.[33] Put another way, when an inmate is provided with medical care and the dispute is over the adequacy of that care, an Eighth Amendment claim does not exist.[34] Notably, medical negligence and malpractice are also insufficient to state an Eighth Amendment claim.[35]

There are simply no allegations as currently plead that the Defendant intentionally refused to provide medical treatment, delayed treatment based on a non-medical reason, or prevented Plaintiff from receiving medical treatment. Plaintiff alleges, at best, a typical medical negligence or malpractice claim; as such, the Court must grant the motion to dismiss and dismiss the amended complaint.

Generally, "plaintiffs who file complaints subject to dismissal . . . should receive leave to amend unless amendment would be inequitable or futile."[36] The Court will therefore grant leave to amend in order to allow Plaintiff an opportunity to amend his complaint in conformance with this Memorandum Opinion.

---

[33] *See Monmouth County Correctional Institutional Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987).
[34] *Nottingham v. Peoria*, 709 F. Supp. 542, 547 (M.D. Pa. 1988).
[35] *See White v. Napoleon*, 897 F.2d 103, 108-10 (3d Cir. 1990) (citing *Estelle v. Gamble*, 429 U.S. 97, 106).
[36] *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

## IV. CONCLUSION

Based on the foregoing, the motion to dismiss will be granted, and the amended complaint will be dismissed without prejudice with leave to amend granted.

An appropriate order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge